## Storey v. Hoppes. No. 2.

*Partition—Writ of partition—Service of writ—Absence of defendant from last known place of residence—Act of April 7, 1807.*

1. Service of a writ in partition by leaving a copy thereof with an adult member of defendant's family at his usual place of abode is good under the Act of April 7, 1807, 4 Sm. Laws, 399.

2. If the absence of defendant from his usual place of abode is not made known to the sheriff at the time of the service, the return of the service will be accepted as correct and true, although defendant may have been absent from his home for two years and his whereabouts not known.

Motion for judgment. C. P. Schuylkill Co., March T., 1924, No. 360.

*James A. Dolphin,* for plaintiff.

KOCH, J., Dec. 15, 1924.—When counsel for the plaintiff appeared in open court, May 12, 1924, to make his motion for judgment *quod partitio fiat,* he offered testimony to show plaintiff's title and the quantity of his purpart, and the wife of the defendant appeared with counsel and took part in the hearing. After plaintiff concluded his testimony, Mrs. Hoppes took the stand and was examined by her counsel. No denial was made of any fact shown by the

plaintiff's testimony. But Mrs. Hoppes, by her own testimony, clearly and satisfactorily showed that her husband, the defendant, had left their home on Feb. 21, 1922, without any notice of his going, and that nothing of his whereabouts had been known to her or their only child, a young lady, since that time. These proceedings were begun Feb. 21, 1924, almost two years after the mysterious disappearance of the defendant. Service of the summons in partition was made on the defendant by Deputy Sheriff W. B. McCool, "by leaving a true and attested copy of the same at his dwelling-house with an adult member of his family on Feb. 11, 1924." Mrs. Hoppes does not oppose these proceedings, but her counsel says she is concerned with "how far a sale of the interest of the joint-owners, a public sale in pursuance of proceedings in partition, under these facts, would affect the price of the same." But Mrs. Hoppes's counsel stated on the record that the service, as made, is a good service, if Mr. Hoppes is alive.

After that hearing, I made a statement and suggestion and filed the same of record on June 16, 1924, but it resulted in no move on the part of either Mrs. Hoppes or the plaintiff, excepting that the plaintiff now insists upon action on his motion for judgment *quod partitio fiat*.

That the service, as made, is good is undoubtedly correct, for it was made conformably with the direction of section 3 of the Act of April 7, 1807, 4 Sm. Laws, 399. That act provides that the service shall be made on the defendant or defendants in partition, resident in the county where the lands lie, "by leaving a copy of the writ at his, her or their usual place of abode." True, Hoppes had not been at his usual place of abode for nearly two years when the writ was served, but we are obliged to accept the officer's return as correct, because, "after the service of any such writ, it shall be lawful for the plaintiff, without other process, to file his declaration or statement as by law shall be required or allowed, and at such time and manner as shall be allowed by law, have judgment thereon for such default of appearance, and no essoin or saver-default, in any such case, shall be received or allowed:" 1 Purd., 269, pl. 10.

When the deputy sheriff left at the defendant's dwelling-house a true and attested copy of the summons in this case, the adult member of the family, whether it was Mrs. Hoppes or her daughter, with whom a copy of the writ was left, should have made known to the sheriff that that was not the place of the defendant's abode, if such was then the fact, so that the deputy might have made his return accordingly, to the end that the plaintiff might then have applied to this court to direct notice to be given to the defendant by publication in accordance with the provisions of section 9 of the Act of April 25, 1850, P. L. 569, 571.

However, we must now treat this case as though Mrs. Hoppes had not testified at said hearing, because she was not entitled to be heard in explanation of the non-appearance of her husband. Therefore,

And now, Dec. 15, 1924, it appearing that service was made according to the provisions of the act of assembly, and the defendant not having appeared and no defence being made against the plaintiff's demand, and we having examined the plaintiff's title and the quantity of the parts and purparts of the defendant as well as of the plaintiff, it is considered that the said title and purparts are as stated and set forth in the plaintiff's declaration, and it is, therefore, ordered, on motion of James A. Dolphin, attorney for the plaintiff, that judgment be entered for the plaintiff, and a writ is awarded to make partition, whereby such purparts shall be set out in severalty.

From M M. Burke, Shenandoah, Pa.